■ In the Matter of ANTHONY B., a Person Alleged to be a Juvenile Delinquent, Appellant. [637 NYS2d 181] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated September 9, 1993, which, upon a fact-finding order of the same court, dated July 19, 1993, made after a hearing, finding that the appellant committed acts, which if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree, unauthorized use of a vehicle in the first degree, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Division of Youth for a period of nine months. The appeal brings up for review the fact-finding order dated July 19, 1993. By decision and order of this Court dated February 14, 1995 (212 AD2d 601), the Family Court, Kings County, was directed to hear and report on the branch of the appellant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim. The Family Court, Kings County, has now filed its report. The appellant does not challenge the determination of the Family Court, which denied the branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (cf., CPL 470.15 [5]).

We have reviewed the appellant's remaining contention and find it to be without merit. Miller, J. P., Sullivan, Copertino, Joy and Friedmann, JJ., concur.